IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES, | No. 2:25-CV-0825-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| S. POHOVICH, et al., | |
| Defendants. | |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint. See ECF No. 1.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///

///

1

1    Moreover, the Federal Rules of Civil Procedure require that complaints contain a
2    ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.
3    Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See
4    McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).
5    These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim
6    and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).
7    Because Plaintiff must allege with at least some degree of particularity overt acts by specific
8    defendants which support the claims, vague and conclusory allegations fail to satisfy this
9    standard. Additionally, it is impossible for the Court to conduct the screening required by law
10   when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff filed the original complaint on March 13, 2025. See ECF No. 1. In the complaint, Plaintiff brings claims against Defendant Pohovich and Defendant Swinney, both Correctional Officers at California Department of Corrections and Rehabilitation in Sacramento. See id. Plaintiff contends that Defendant Pohovich used excessive force in violation of Plaintiff's Eighth Amendment rights. See id. Plaintiff alleges that on March 27, 2023, Defendant Pohovich and Officer T-Drake informed Plaintiff of an interview with the Adult Internal Management system. See id. at 7. Plaintiff contends that after Plaintiff stated that Plaintiff wanted to attend the interview, Defendant Pohovich became "extremely aggressive" with Plaintiff and made Plaintiff's waist chain "excessively tight." See id. Plaintiff asserts that Plaintiff notified Defendant Pohovich of prior injuries which made it so Plaintiff "cannot have the chain wrapped around [Plaintiff] that tight." See id.

According to Plaintiff, as Defendant Pohovich escorted Plaintiff, Defendant Pohovich grabbed and twisted Plaintiff's shirt rather than grabbing Plaintiff's elbow, as required by policy. See id. Plaintiff asserts that this twisting cut into Plaintiffs' right arm, causing Plaintiff discomfort. See id. Plaintiff contends that Plaintiff notified Defendant Pohovich of these injuries and that Plaintiff was going to file an administrative appeal against Defendant Pohovich. See id.

2

1   at 8. Plaintiff asserts that Plaintiff did file an administrative appeal which documented the
2   swelling and pain in Plaintiffs' right arm. See id. at 9.

3         In Plaintiff's second claim, Plaintiff contends Defendant Pohovich and Defendant
4   Swinney retaliated against Plaintiff for attending the Adult Internal Management system
5   interview, in violation of Plaintiff's First Amendment rights. See id. at 12. According to Plaintiff,
6   Defendants Pohovich and Swinney searched Plaintiff's housing unit while Plaintiff was in that
7   interview. See id. at 8. Plaintiff contends that the search was harassment in retaliation for Plaintiff
8   planning to file an appeal against Defendant Pohovich. See id. Plaintiff alleges that during the
9   search, Plaintiff's shirts, sheets, and new envelopes were thrown on the ground. See id. Plaintiff
10  also alleges Plaintiff's medical items were removed and that various items of Plaintiff's property
11  were destroyed because of the search. See id. Plaintiff contends that cell searches cannot be used
12  as a punishment and Defendants conducted this search in violation of that policy. See id. Plaintiff
13  claims that there were no supervisory staff present and Defendants did not respect Plaintiff's
14  personal property during search. See id. at 8-9.

15        Finally, Plaintiff contends that Defendant Pohovich denied Plaintiff medical care,
16  in violation of Plaintiffs' Eight Amendment Rights. See id. at 11. Plaintiff alleges that after the
17  interview, Defendant Pohovich and Officer T-Drake came to escort Plaintiff back to Plaintiff's
18  cell. See id. Plaintiff asserts that Plaintiff requested medical care prior to being placed in the
19  holding cell which was denied by Defendant Pohovich. See id. Plaintiff allegedly noticed
20  Defendant Pohovich's body camera was off and allegedly requested it be turned on so that
21  Plaintiff's denial of medical attention could be recorded. See id. Plaintiff contends that both
22  Defendant Pohovich and the Officer T-Drake turned on their body cameras after Plaintiff's
23  comment. See id.
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

...

## II. DISCUSSION

Plaintiff states a cognizable retaliation claim against Defendants Pohovich and Swinney arising from the search of Plaintiff's cell. However, Plaintiff does not state a cognizable excessive force claim nor a cognizable medical needs claim. As such, Plaintiff will be provided the opportunity to amend.

### A.     **Eighth Amendment Excessive Force Claim**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following

1  factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship
2  between the need for force and the amount of force used; (4) the nature of the threat reasonably
3  perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.
4  See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force
5  was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir.
6  1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9. Finally,
7  because the use of force relates to the prison's legitimate penological interest in maintaining
8  security and order, the court must be deferential to the conduct of prison officials. See Whitley,
9  475 U.S. at 321-22.

10  Plaintiff alleges that Defendant Pohovich used excessive force by unnecessarily
11 tightening Plaintiff's waist chain and grabbing Plaintiff's shirt during a prisoner escort. See ECF
12 No. 1, pg. 7. Plaintiff asserts that bruising and swelling on Plaintiff's arm resulted from these
13 actions but does not describe what, if any, injuries resulted from the tightening of Plaintiff's waist
14 chain. See id. Thus, Plaintiff will be provided opportunity to amend.

15  **B.    Eighth Amendment Medical Needs Claim**

16  Deliberate indifference to a prisoner's serious illness or injury, or risks of serious
17 injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105;
18 see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health
19 needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is
20 sufficiently serious if the failure to treat a prisoner's condition could result in further significant
21 injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050,
22 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).
23 Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition
24 is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily
25 activities; and (3) whether the condition is chronic and accompanied by substantial pain. See
26 Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).
27 / / /
28 / / /

       Here, Plaintiff claims that Plaintiff was denied medical care by Defendant Pohovich. See ECF No. 1, pg. 11. Plaintiff did not provide facts about Plaintiff's specific medical condition, why Plaintiff needed medical care, how Plaintiff's condition impacts daily life, nor if Plaintiff's condition was chronic and painful. Thus, Plaintiff will be provided a further opportunity to amend.

### III. CONCLUSION

       Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

       If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    Because the complaint appears to otherwise state a cognizable claim, if no
2 amended complaint is filed within the time allowed therefor, the Court will issue findings and
3 recommendations that the claims identified herein as defective be dismissed, as well as such
4 further orders as are necessary for service of process as to the cognizable claims.
5    Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended
6 complaint within 30 days of the date of service of this order.

9 **Dated:  June 3, 2025**

10   _____
     DENNIS M. COTA
11   UNITED STATES MAGISTRATE JUDGE